IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM CRISWELL, | ) | 4:09CV3010 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

In a complaint filed on January 20, 2009, the plaintiff, William Criswell, alleges that he is seeking judicial review pursuant to 42 U.S.C. § 405(g) of a decision made by the Social Security Appeals Council on November 17, 2008. The defendant, Commissioner of Social Security, has filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The defendant's motion will be granted.

## *I. BACKGROUND*

On September 25, 2008, an Administrative Law Judge (ALJ) issued a fully favorable decision finding that Mr. Criswell's monthly old-age insurance benefits are not subject to the windfall elimination provision (WEP) of the Social Security Act, 42 U.S.C. § 415(a)(7)(A). On November 17, 2008, the Appeals Council notified Mr. Criswell that it was reviewing the ALJ's decision on its own motion pursuant to 20 C.F.R. § 404.969, and was planning to issue a decision finding that his benefits are subject to the WEP. The notice stated that Mr. Criswell had 30 days to submit additional evidence or a statement about the law and the facts in his case, to request an appearance before the Appeals Council, or to request a hearing before an ALJ. The notice concluded: "If we do not hear from you within 30 days, we will assume

that you do not want to send us more information, appear before the Appeals Council or have a hearing before an Administrative Law Judge. We will then make our decision." (Filing 10-2, at 16.) On December 4, 2008, the Appeals Council received a letter from Plaintiff's attorney dated November 25, 2008, addressing the issues raised in the Appeals Council's notice. At least as of February 5, 2009, the Appeals Council had not taken any further action in the case.

## *II. DISCUSSION*

Section 205(g) of the Social Security Act provides that any individual may obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, . . . by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This is the only judicial review permitted by the Act, as section 205(h) specifies: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h).

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

Mr. Criswell argues that the court should make an exception to the exhaustion requirement in this case because the notification sent on November 17, 2008, which contained a detailed explanation of the Appeals Council's position, was a de facto decision that it has delayed finalizing. He suggests that "[t]he lack of any specific regulations by the Defendant concerning any time limitations the Appeals Council has to issue a final decision should allow the Plaintiff to appeal after sixty days have elapsed with no action taken." (Filing 12, at 3.)

The plaintiff's argument ignores the fact "that a 'final decision' is a statutorily specified jurisdictional prerequisite" which is not defined in the Social Security Act, but which "is left to the [Commissioner] to flesh out by regulation." *Id.* at 766. *See also Sims v. Apfel*, 530 U.S. 103, 106 (2000) ("But the Act does not define 'final decision,' instead leaving it to the [Social Security Administration] to give meaning to that term through regulations."). 42 U.S.C. § 405(h) prevents courts from applying "ripeness" and "exhaustion" exceptions in order to review non-final agency decisions. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000).

### III. CONCLUSION

Because the plaintiff's administrative remedies have not been exhausted, the court cannot entertain this action. Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (filing 9) is granted. Judgment shall be entered by separate document.

May 1, 2009.   BY THE COURT:

   s/ *Richard G. Kopf*
   United States District Judge